Microbot Medical, Inc. v. Mona May it please the Court. Good afternoon. Jonathan Vogel and here with me today is my colleague Andrew Robertson. We are both from the law firm Morris Kandanov, LLP, for the defendant appellant Joseph Mona. This case presents a question of whether a professional plaintiff can walk into a district court, file a Section 16b discouragement action with no allegation of pecuniary harm, indeed disclaim any is even required, and walk out with a judgment on the pleadings for nearly $500,000 against a retail trader of a low cap stock exceeding any actual profit and without limiting any analysis of the equities underlying such a disgorgement. This court should hold that pecuniary harm is required to be alleged and proven and reverse and remand for at least three reasons. First, this court's decisions in Packard and Donohue analogize Section 16b to a breach of fiduciary duty to find constitutional standing and it is indisputable that a breach of fiduciary duty claim requires pecuniary harm. So too should Section 16b and neither Packard nor Donohue address this issue directly. But the Supreme Court's decision in TransUnion requires both an injury in law and an injury in fact, not a mere technical statutory violation. That will not suffice. Second, as this court held in SEC v. Goebel. May I take you back to our decisions in Packard and Donohue? I mean, what the court says in Packard's quoting Donohue on this is that the breach by a statutory insider of a fiduciary duty is the concrete injury and there's no discussion of any need for pecuniary loss. It's the breach of the fiduciary duty. That's right, Your Honor. That is how Donohue and Packard treat the issue. They indeed, you know, bind the court in this matter, but they don't foreclose our argument for several reasons. First, neither address Section 28a's limitation on recovery under the Exchange Act to actual damages. That's an additional component that should be engrafted on to the constitutional standing requirement to bring a Section 16b claim. The Packard court focused solely on whether TransUnion affected Donohue's statutory fiduciary duty analysis, not whether the Exchange Act's remedial provisions must be read as an integrated whole. Second, this court's holding in Goebel represents another intervening change in circuit law that Donohue did not have occasion to address and that Packard did not address. Do you have a case that suggests to us that a limitation on recovery, whether to actual damages or otherwise, informs the standing decision? Because that's, I mean, you're challenging subject matter jurisdiction here. The district court didn't award any kind of anything other than what the statute provides. That's right, Your Honor. So do you have a case that says that if the recovery is limited to damages, the standing is established only upon pleading pecuniary loss? Well, Your Honor, our argument would be that this should be that case. That this should be the case? This should be that case. In other words, you don't have a case that says that? There is not a case that I'm aware of. No, Your Honor, but Well, what would be the rationale for saying that the damages provision controls the jurisdiction provision? It would seem to me that they're not related. Why would we see them as determinative? Well, Your Honor, I think for two reasons. One is if that breach of fiduciary duty is the historical analog to a Section 16B claim, then both the duty, the breach, and the pecuniary harm that's required for such a claim should be required for a constitutional standing analysis. The court shouldn't select some components of a breach of fiduciary duty claim and dispose of others simply to make the constitutional standing inquiry easier. And the second is that section 16B is without doubt a disgorgement provision. Disgorgement requires, after Goebel and the Supreme Court decision in lieu, both a limitation to actual damages and an equitable analysis because it is an equitable remedy. But it is disgorgement, so it's not just what the plaintiff lost. It's what the defendant realized, right? That's right in a sense, Your Honor. Certainly here, the profits were not realized. And that is part of the statutory text of 16B is it's disgorgement of realized profits. And simply alleging in a complaint the lowest in and highest out, in our view, should not be sufficient for a disgorgement action. It simply requires more. I'd also suggest that a short-swing trade itself is not the concrete harm for a few reasons. If pecuniary harm is not required as part of the constitutional inquiry of standing, a plaintiff should at least be required to allege and to prove that a supposed short-swing trader actually profited from the contested transaction. And I think that goes to Your Honor's concern that a defendant is simply required to disgorge, you know, any alleged profit. But it must be realized. Third, a plaintiff should be required to allege and prove that disgorgement does not exceed those actual profits. And that was not the case here. That would both harmonize it with Section 28A and with the historical analog of a breach of fiduciary duty claim. And the Goebel case that you're relying on did not involve a violation of 16B, the Securities Act, correct? That was a different type of action, an enforcement action to prevent the owner of the company to fraudulently offer stock, correct? That's right, Your Honor. So does that matter that we're dealing here with a Section 16B violation in which the harm is the reputation to the company if an insider owns more than 10% of the stock and then engages in a short-swing profit? Shouldn't that matter that it involved a separate statute? No, Your Honor. I think it's a distinction without a difference because it's all part of the same chapter, Chapter 2B of Title 15. In Goebel, it was an SEC enforcement action where this court instituted the requirement for the equitable analysis. Here we have a private plaintiff where the issuer declined to pursue the case. And so it seems at odds with public policy to suggest that a private plaintiff would have an easier day in court both to establish constitutional standing and achieve disgorgement than the SEC might using its enforcement authority. I realize I don't have much time. The last I would say is that the district court erred in holding that Section 28A does not apply to Section 16B. The plain language of 28A controls here. It limits recovery to actual damages. It expressly applies to, quote, this chapter, which again, Your Honor, is Chapter 2B of Title 15 of the U.S. Code. It indisputably includes Section 16B. And 16B has nothing in its own language that would exclude it from the application of Section 28A. Thank you. Thank you. You have reserved two minutes for rebuttal. Good afternoon, Your Honors. I'm Miriam Tauber. I represent the Plaintiff Appellee, Microbot Medical, Inc. And my associate, my colleague, David Lopez, is with me here today. Your Honor, a mere months ago, this court decided Packer. At the outset of the decision in Packer, the court noted that that case presented the same question that was presented in Donahue v. Bulldog in 2012. This case presents that same question yet again. And there is no reason why this court should decide things differently now. In fact, Mona has not even argued that there is any intervening case law that renders Bulldog old law or outdated. SEC v. Goldville, the case that Mona discusses, was decided in 2023, a year before Packer was decided. And the reason that SEC v. Goldville was not addressed in Packer is because, as Your Honors mentioned, it's simply irrelevant. It relates to a different statute. It deals with the SEC's authority to seek disgorgement. And I would also note in Goldville, the company had already received the disgorgement from the insiders in that case. And the fact that the company was harmed by the insiders' misconduct was never in question in Goldville. In fact, the court remanded for the district court to consider the effect of the settlement to the company on the disgorgement remedy that the SEC was seeking in that case. Additionally, the idea of pecuniary harm is simply not relevant under Section 16. And despite what my adversary has said, both Bulldog and Packer address this point. I'll read to you from Packer, which this is footnote 55, says, Appellees further argue that breaches of fiduciary duty do not confer constitutional standing in the absence of individual injury. Again, we rejected this argument in Donahue v. Bulldog, reasoning that the fiduciary obligations created by 16b is not general, but rather confers a specific right on issuers to expect their insiders not to engage in short-swing trading. The harm in this case is the fact that the insiders engaged in trading prescribed by the statute. The statute creates a constructive trust in the amount of those profits realized that have to be disgorged to the company. And as Bulldog recognized, for constitutional standing, there are other types of harm other than monetary harms that are recognized to confer constitutional standing. And 16b addresses, among other things, reputational harms, the harm to the company's interest, and the continued marketability of its stock and the integrity of the markets. And when an insider engages in short-swing trading prescribed by the statute, the profits that are realized by the property that's considered to be the company's property needs to be returned to the company just as under common law remedies of constructive trust and accounting. These are discussed in Goebel as well. I also wanted to briefly mention the timing issue of this motion, which we raised in our brief. In this case, this case has been going on for five years, since 2019. Our 16b judgment was entered in March of 2021. That judgment has now been escrowed. The reason we couldn't enforce that judgment in 2021 is because Mona's 10b counterclaim remained outstanding at that point. That claim was finally dismissed in August of 2023, and Mona did not appeal this judgment until 2024. In the meantime, what changed between the entry of judgment and Mona's appeal is that Microbot attempted to enforce the judgment. Let me ask you, if we were to agree with the district court's decision on the merits, do we need to address the issue of timeliness? No, Your Honor. This is perhaps a sidebar, but how exactly does this case, how do these things work? The disgorge funds, where do they go? Where do they travel? Right now, they are bonded in escrow pending this appeal. Assuming that the case is upheld, they will be returned to the company, unless any attorney's fees or any other reason. As a practical matter, you represent the company.  Thank you very much. I see no further questions. Counsel, you reserve two minutes for rebuttal. Your Honors, I'd just like to address the one point that the appellee raised, which is that Packer did not require an individualized injury. I disagree that that's the way that the court resolved that issue in the footnote. I don't think it disposed of that argument as a matter going forward. And I'd just like to illustrate that appellee's counsel pointed out reputational harm and marketability, harm to marketability as other potential harms that 16B could be trying to address. All of those harms here are hypothetical at best because the plaintiff, in its complaint, disclaimed any requirement to plead any harm. It simply pled that 16B existed and that these short-swing trades purportedly took place. What you're ignoring is that what our cases have said is that a breach of fiduciary duty is injury. Now, you're talking about what compensable damages there are as a result of that injury. And isn't that what the statute provides in 78PA1, that it's disgorgement of profits? You alluded to another statute that you thought should apply. Which statute is that? Was that Section 28A, Your Honor? Well, I'm looking for where in your brief you refer to 28A. Have I missed it? I was looking at the statutes you cite in the table of contents, and I didn't see it in either the statutes or the rules, but perhaps I overlooked something. So I apologize, Your Honor, if it's not in the table of authorities. It is in our opening brief at pages 31 to 34. But why would we think that supersedes 78PA1? Well, Your Honor, by its own plain language, Section 28A applies to the entire chapter. It applies to all remedies under the Exchange Act. And there is no language in Section 16B that exempts it from 28A applying to it. And so as a matter of statutory interpretation, to harmonize all of the components of the Exchange Act, Section 28A should apply to Section 16B recovery. But you don't have a case that is so dealt? No, Your Honor. It's a novel issue. Okay. Thank you. Thank you, Counsel. Thank you.